**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Henry Mejia, | ) | CASE NO. 1:05 CV 997 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, | ) | <u>Memorandum of Opinion and Order</u> |
| | ) | |
| Respondent. | ) | |

**<u>INTRODUCTION</u>**

This matter is before the Court upon Petitioner's Motion to Vacate Sentence Pursuant to

28 U.S.C. § 2255 (Doc 1).  For the reasons that follow, Petitioner's motion is DENIED.

**<u>FACTS</u>**

Petitioner pled guilty to one count of possession with intent to distribute cocaine.  In his

plea agreement, petitioner agreed not to appeal or collaterally attack his sentence.  The

sentencing guideline range applicable to plaintiff was 108 to 135 months.  Petitioner, however,

was subject to the 10-year statutory minimum, producing a guideline range of 120 to 135 months.

1

On June 26, 2002[1], this Court sentenced petitioner to 120 months in prison.  Petitioner did not

appeal his sentence.  Almost three years later, petitioner filed the instant motion arguing that the

Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005) requires that he be re-

sentenced.  Petitioner also argues that he was denied effective assistance of counsel.  The

government opposes petitioner's motion.

### STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a federal prisoner may petition to vacate or set aside his

sentence "upon the ground that the sentence was imposed in violation of the Constitution or the

laws of the United States, or that the court was without jurisdiction to impose such sentence, or

that the sentence was in excess of the maximum authorized by law, or is otherwise subject to

collateral attack."  28 U.S.C. § 2255.  To prevail on a § 2255 motion alleging constitutional error,

the petitioner must establish an error of constitutional magnitude which had a substantial and

injurious effect or influence on the proceedings.  *See Brecht v. Abrahamson,* 507 U.S. 619,

637-638 (1993); *Watson v. United States,* 165 F.3d 486, 488 (6th Cir. 1999).

The burden is on the petitioner to sustain his contentions by a preponderance of the

evidence.  *McNeil v. United States*, 72 F. Supp.2d 801, 804 (N.D. Ohio 1999) (citing *Wright v.

United States*, 624 F.2d 557, 558 (5th Cir. 1980)).  If it is evident on the face of the motion, and

the files and records establish the petitioner is not entitled to relief, the judge may order summary

dismissal of the Section 2255 motion.  28 U.S.C. § 2255.  An evidentiary hearing is required

when the issues raised by the petitioner's motion are not conclusively determined by the motion

---

[1]     Both parties indicate that petitioner was sentenced on June 6, 2002.
This Court's docket, however, reflects that the sentencing occurred
on June 26, 2002.

2

itself, the trial court's files and records, affidavits presented, or by the district judge's personal

knowledge or recollection. *Machibroda v. United States,* 368 U.S. 487, 514 (1962).  However,

if the petitioner's contentions are contradicted by the record, inherently incredible, or conclusions

rather than statements of fact, then no hearing is required. *Arredondo,* 178 F.3d at 782.  (citing

*Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

### **DISCUSSION**

Petitioner's primary argument is that *Booker* mandates that his sentence be reduced.

Specifically, petitioner argues that the sentencing guidelines placed his possible sentence

between 108-135 months.  Petitioner claims that, as a result of *Booker*, the Court could have

exercised its discretion and sentenced him to "108 months or even less," instead of imposing the

mandatory minimum of 120 months.  The government responds that *Booker* does not apply

retroactively to cases on collateral review.

Upon review of the parties' arguments, the Court finds that petitioner's argument lacks

merit.  The Sixth Circuit has expressly held that *Booker* may not be retroactively applied via a

Section 2255 motion.  *See Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005).  In this

case, petitioner's conviction and sentence were final long before the Supreme Court decided

*Booker*.  Based on *Humphress*, petitioner cannot now seek redress pursuant to *Booker*.  *See also,*

*Cano v. United States*, 2005 WL 1028241 (E.D. Mich. April 29, 2005).

Petitioner also argues that he was denied effective assistance of counsel because his

attorney failed to object to calculations contained in the pre-sentence investigation report.  He

further claims that his attorney failed to file a notice of appeal after he instructed him to do so.

The government responds that petitioner is barred from raising these claims because he waived

3

his right to appeal his sentence either directly or through collateral relief.  The government also

argues that the motion is time barred because it was filed outside the one-year statute of

limitations.[2]  The government further responds that petitioner was not denied effective assistance

of counsel.

As an initial matter, the Court finds that petitioner's motion must be denied because it is

untimely.  A one-year statute of limitations applies to Section 2255 motions.  The limitations

period begins to run from the latest of,

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making a motion created by governmental
        action in violation of the Constitution of laws of the United States is removed, if
        the movant was prevented from making a motion by such governmental action;

(3)     the date on which the right asserted was initially recognized by the Supreme
        Court, if that right has been newly recognized by the Supreme Court and made
        retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims could have been
        discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Petitioner does not argue that any of the circumstances set forth in subsections two

through four should be applied in this case.[3]  Accordingly, the one year statute of limitations

began to run on the date the judgment of conviction became final, which was well over a year

before petitioner filed this motion.

---

[2]     The government claims that petitioner's *Booker* argument is
        precluded for these reasons as well.

[3]     As set forth above, the Court has already concluded that *Booker* is
        not retroactively applicable to cases on collateral review.

4

In addition, the Court finds that petitioner waived his right to file a Section 2255 motion based on ineffective assistance of counsel.  In his plea agreement, petitioner agreed, in part, as follows,

> 15.  The defendant hereby waives his right to appeal his conviction and sentence herein.  The defendant further waives his right to raise and/or file post-conviction petitions for collateral relief concerning any and all matters..., including but not limited to: the filing of motions, assertion of defenses...[and] ineffective assistance of counsel....

Based on the clear and unambiguous language set forth in the plea agreement, the Court finds that petitioner knowingly, intelligently and voluntarily waived his right to collaterally attack his sentence based on ineffective assistance of counsel.  *See, Davila v. United States*, 258 F.3d 448 (6th Cir. 2001) (Section 2255 motions based on ineffective assistance of counsel claims are precluded where defendant waives right in plea agreement).

Having concluded that Petitioner's claim is procedurally barred, this Court need not address the merits of Petitioner's motion and an evidentiary hearing is not required.

<u>Certificate of Appealability</u>

Based on the foregoing, the Court declines to issue a certificate of appealability.

28 U.S.C. § 2253(c) provides:

(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from--

(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or

(B) the final order in a proceeding under section 2255.

(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue

5

or issues satisfy the showing required by paragraph (2).

(emphasis added).

In *Slack v. McDaniel*, 529 U.S. 473 (2000), the Supreme Court determined that

[t]o obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that, under *Barefoot*, includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'

*Id.* at 483-4 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

In this case, this Court has concluded that petitioner's motion is untimely.  Petitioner failed to respond to the government's contention that his motion was barred by the statute of limitations.  In addition, the Sixth Circuit has expressly concluded that *Booker* is not retroactively applicable to motions on collateral review.  As such, the Court declines to issue a certificate of appealability.

**CONCLUSION**

For the above stated reasons, Petitioner's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255 is DENIED.

IT IS SO ORDERED.


 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge


Dated: 6/28/05

6